```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**MARTIN ROBIN, III**                    *          **CIVIL ACTION**

**VERSUS**                               *          **NO. 04-2230**

**UNITED STATES OF AMERICA**             *          **SECTION "B"(1)**

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss, or for Summary Judgment (Rec. Doc. No. 31). For the following reasons, the Defendant's motion to dismiss is **GRANTED**.

## Background

Governor Mike Foster declared a state of emergency on September 21, 2002 under the Louisiana Assistance and Disaster Act of 1993 in anticipation of tropical storm Isadore. Around 6:00 a.m. on September 26, 2002, Isadore struck west of Grand Isle, Louisiana, tracking through Plaquemines, St. Bernard, and Orleans Parishes. (Rec. Doc. No. 31 at 1). At 8:00 p.m., Plaintiff, Martin Robin, III, was walking[1]

---

[1] The Court notes discrepancies between the Plaintiff's Complaint and parties' memoranda submitted for this motion. Paragraph 10 of the Plaintiff's Complaint states Plaintiff was traveling east on August 9, 2001 while Plaintiff's memorandum in opposition to defendant's motion to dismiss states Plaintiff was traveling west on September 26, 2002.

1

along Louisiana Highway No. 46 in St. Bernard, Louisiana. Stephen Clark, Special Agent for the United States Wildlife and Fisheries ("USWF"), was allegedly assisting state law enforcement conduct search and rescue operations when he struck a pedestrian who was later identified as the Plaintiff. (Rec. Doc. No. 31 at 3-5).

Plaintiff filed an administrative claim[2] on August 13, 2003. On August 11, 2004, Plaintiff brought suit against the United States, as a representative of the USDWF, under the Federal Tort Claims Act ("FTCA") without receiving any response to his administrative claim.[3] (Rec. Doc. 1 at ¶¶1-5).

## Law and Analysis

The threshold issue before the Court is whether Stephen Clark, Special Agent for the United States Wildlife and Fisheries ("USWF") is entitled to immunity under Louisiana state law provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act ("LHSEADA"), La. R.S. 29:721, et seq., for actions which allegedly caused injuries to the Plaintiff, Martin Robin, III.

The United States is immune from suit except where expressly provided by Congress. Under the Federal Tort Claims Act ("FTCA"),

---

[2] The Complaint does not specify which agency the administrative claim was brought against.

[3] The Plaintiff's claim is therefore deemed denied under 28 U.S.C. § 2675(a) (plaintiff's action deemed ripe if U.S. agency fails to issue decision within 6-months of complainants administrative complaint)

suits against the United States are authorized "for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2672. Johnson v. Sawyer, 4 F.3d 369 (5th Cir. 1993) ("To recover under the FTCA, [plaintiff] must have been able to succeed against the [federal] government in a *state* law tort cause of action." (emphasis in original)). The FTCA also provides that the United States will be liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Id. (citing Artez v. United States, 604 F.2d 417, 427 (5th Cir. 1979)). "[L]aw of the place," as the phrase is used in section 1346(b), "refers exclusively to state law." Brown v. United States, 653 F.2d 196, 201 (5th Cir. 1981).

It is a well-settled general principle that the tort liability of the United States is, in actions under the Federal Tort Claims Act, governed by the law of the state where the tortious conduct took place. See e.g., Artez v. United States, 604 F.2d at 429. The United States asks this Court to apply the Louisiana Homeland Security and Emergency Assistance and Disaster Act, La. R.S. 29:721, et seq., ("LHSEADA") which provides immunity for the state and its political subdivisions and other

agencies, as well as the agents' employees and representatives while engaged in any emergency preparedness activities, except in the case of willful misconduct. Specifically, La. R.S. 29:735, entitled "Immunity of Personnel," provides:

> A.(1) Neither the state nor any political subdivision thereof, nor other agencies, nor except in the case of willful misconduct, the agents' employees, or representatives of any of them, engaged in any emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity.

The Louisiana statute, unlike other states' statutes aimed at providing immunity for disaster emergency relief efforts, does not explicitly extend immunity to the federal government or its employees. Cf. North Carolina Emergency Management Act, N.C. Gen. Stat. § 166A-14 (2005) (granting immunity to "any emergency management worker," defined to include "any full or part-time paid, volunteer or auxiliary employee of this State or other states [or] of the federal government"); New York State Defense Emergency Act ("NYDEA"), NY Unconsol. Law § 9193(1) (2004) (providing immunity pursuant to an agreement to "The state, any political subdivision, municipal or volunteer agency, or another state or a civil defense force thereof or of the federal government or of another country or province or subdivision thereof"). But see Idaho Code section 46-1017 (identical to Louisiana); Baca v. Waguie, 810 P.2d 720 (Ida. 1991) (granting

4

immunity to the Idaho National Guard pursuant to Governor's proclamation). Other states have drafted statutes to include immunity for federal agencies or employees if acting at the behest of the state. See e.g., Oregon Emergency Management Services Act section 401.515(1) & (7) (defining "emergency service worker," who receives immunity, to include "An officer, employee or agent of the federal government . . . who is accepted by the Office of Emergency Management . . . is an agent of this state for the purposes of this section"). The Louisiana statute, on the other hand, limits immunity to the state, its political subdivisions or other agencies, and representatives or employees that did not engage in willful misconduct, and fails to include a federal government employee or agency in any way. La. R.S. 29:735.

In deciding whether the legislature intended to include federal government agencies or their employees the Court notes the paucity of Louisiana decisions interpreting this statue. Clement v. Reeves, 05-0616 (La. App.3 Cir. 06/28/06), 2006 La. App. LEXIS 1417 (denying immunity to the Lafayette City-Parish Consolidated Government in another accident arising from the exact same debris where the state of emergency ended prior to the accident); Cruz v. Riley, 04-0607 (La. 2005), 895 So.2d 589 (failing to apply or discuss La. R.S. 29:735 in action against Plaquemines Parish for negligently failing to pick-up debris following Hurricane George); Castille v. Lafayette City-Parish

Consolidated Government, 04-1569 (La. App.3 Cir. 03/02/05), 869 So.2d 1261, 1264, writ denied, 05-0861 (La. 5/13/05), 902 So. 2d 1029 (extending immunity to the Lafayette City-Parish Consolidated Government under La. R.S. 29:735 where plaintiffs incurred injuries due to debris left on the road by city employees following clean-up efforts after Hurricane Lili); Menard v. Military Dep't of Louisiana, 86-1028 (La.App. 3 cir. 11/4/87), 520 So.2d 948 (applying workers compensation laws pursuant to LHSEADA).

In Castille, 896 So. 2d at 1264, the issue before the court was whether the limiting phrase "except in case of willful misconduct" refers only to employees or agent, not to political subdivision. The court determined that the legislature would have drafted the statute with the phrase in the beginning or end of the sentence, rather than in the middle. Id. In reaching its decision, the state court looked other states' emergency management and preparedness statutes: "The largely uniform language suggest that this construction of the [Louisiana] statute was a deliberate choice on the part of the [Louisiana] legislature." Id.

In this Court's review of emergency preparedness statutes in other states, we find courts generally provide immunity to the extent permitted by the states' statute. See e.g., In re September 11 Prop. Damage & Bus. Loss Litigation, 2006 U.S. Dist.

6

LEXIS 749 (SDNY 2006) (holding the city was immune from liability for the alleged negligent mantainence of a large stocks of diesel in the WTC under the NYDEA); Daly v. Port Authority of New York and New Jersey, 793 N.Y.S.2d 712 (NY 2005) (holding defendants immune under same law where city is a "political subdivision" of the State and the Port Authority is an "agency" within). Where a question of fact remains regarding an agency or employee's ability to fall within the statute, at least one court has denied summary judgment. See Ray v. Lewis Hauling and Excavating, Inc., 549 S.E.2d 237, 241-42 (N.C.App. 2001) (affirming trial court's denial of summary judgment where issues of fact remain regarding whether Army Corps of Engineers was acting at the direction of the Governor, which the statute requires for granting immunity).

In view of the narrow drafting of the Louisiana statute and the fact that it was passed much later than many other states' statutes, choosing not to adopt a broader approach to immunity in the LHSEADA, the Court finds the Louisiana legislature would have specifically included the federal government or its agents if it intended to provide blanket immunity to the United States, its agencies, or its agents. See Big Head v. United States, 166 F.Supp. 510, 512 (D.Ma. 1958) ("the [FTCA] specifically provides that the United States is to be liable in the same manner 'as a private individual under like circumstances.' If the Government's argument is correct, the Act waived the sovereign immunity of the United States but substituted for it the sovereign immunity of

state governments in cases where the activity of the Government was not one ordinarily entered into by a private individual. This was neither the express nor implied purpose of the [FTCA] and should not be its effect.").

In the circumstances of this case, the inquiry does not end here. Although section 29:735 of the LHSEADA does not provide immunity based on Clark's *status* as an employee of a federal agency, it does provide immunity for "representatives" of a State agency "engaged in any emergency preparedness activities, while complying with or attempting to comply with this Chapter." La. R.S. 29:735.The LHSEADA does not explicitly preclude federal agencies from such immunity and we will not and could not write such a preclusion in the statute. In fact, the stated purposes of the LHSEADA included "(7) authorize and provide for cooperation in emergency or disaster prevention, mitigation, preparedness, response, and recovery[;]" 1993 La. A.L.S. 800, La. HB 2084; and "that all emergency preparedness functions of the state be coordinated to the maximum extent possible with the comparable functions of the federal government, other states and localities, and private agencies of every type, to the end that the most effective preparation and use may be made of the resources and facilities available for dealing with any emergency or disaster that may occur," id.

Based on the unrefuted and uncontested deposition testimony of Special Agent Stephen Clark, he was contacted by Lieutenant

Brian Clark, the Louisiana Department of Wildlife and Fisheries supervisor over St. Bernard and Placquemines parishes for this particular operation. (Rec. Doc. No. 31 at "Ex. D page 75). Clark recalled, "I believe he called me on the telephone, on the cell phone and made a request for another air boat." (Rec. Doc. No. 31 at "Ex. D page 75). The search and rescue operation included at least the U.S. Fish and Wildlife Services, Louisiana Department Wildlife and Fisheries, and law enforcement from St. Bernard Parish Sheriff's Office. (Rec. Doc. No. 31 at "Ex. D page 74).

Given that Plaintiff essentially does not contest that Clark was working at the behest of the Louisiana Department of Wildlife and Fisheries and the legislative intent of the LHSEADA for state and federal coordination in disaster relief efforts, this Court finds Clark acted "as a representative" of the state agency under La. R.S. 29:735.

Further, to be entitled to immunity under La. R.S. 29:735, Clark must have also been "complying with or attempting to comply with this Chapter." Clark, as a representative of the Louisiana Wildlife and Fisheries, was acting pursuant to the Governor's declaration of a state of emergency pursuant to La. R.S. 29:723. Paragraph 3 of section 723 defines "emergency preparedness" activities covered by the LHSEADA to include "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." La. R.S. 29:723. Clark was, in fact, assisting with search and rescue operations following Hurricane Isadore.

Therefore, the Court holds Clark's actions fall within the LHSEADA, La. R.S. 29:723, a representative of a state agency and Clark is entitled to immunity from liability stated therein. See <u>Hodder v. United States</u>, 328 F. Supp. 2d 335 (E.D.N.Y. 2004) (state law "privileges" applied to driver of U.S. Postal Service driver of authorized emergency vehicles when involved in an emergency operation).

The only instance where a representative of an agency can be held liable for the injury under La. R.S. 29:723 is where the representative's actions constitute "willful misconduct." Here, the Plaintiff has not pled "willful misconduct" in the Complaint nor is it alleged in his opposition to the instant motion. Further, from the record, the Plaintiff has not demonstrated Clark's actions could be in any way characterized as "willful misconduct."

For the foregoing reasons, the United States' motion to dismiss is **GRANTED.**

New Orleans, Louisiana, this <u>17th</u> day of July, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE