```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**MARTIN ROBIN, III**                      *         **CIVIL ACTION**

**VERSUS**                                 *          **NO. 04-2230**

**UNITED STATES OF AMERICA**               *         **SECTION "B"(1)**

### ORDER AND REASONS

Plaintiff moves for reconsideration of this Court's July 19, 2006 grant of Defendants' Motion to Dismiss or Alternatively for Summary Judgment (Rec. Doc. No. 47). (Rec. Doc. No. 49). For the following reasons, **IT IS ORDERED** that the Motion for Reconsideration is hereby **DENIED.**

### Background

By Order entered July 19, 2006, the Court granted Defendant's Motion to Dismiss or for Summary Judgment finding that United States Wildlife and Fisheries Special Agent, Stephen Clark, was acting as a "representative" of the Louisiana Wildlife and Fisheries, pursuant to the Governor's declaration of a state of emergency under La. R.S. 29:723 of the Louisiana Homeland Security and Emergency Assistance and Disaster Act of 1993, following Hurricane Isadore in late September 2002. As a representative of a state agency in those circumstances, we held Stephen Clark is immune from tort suit under La. R.S. 29:735 and the court lacked jurisdiction to hear the instant action. (Rec. Doc. No. 47). Judgement was entered in favor of Defendant on July

1

19, 2006. (Rec. Doc. No. 48).

## Law and Analysis

The Court must decide as a threshold matter whether this motion should be considered a motion for a new trial. Rule 59(a) makes clear that a motion for new trial is appropriate when the case has been tried to a jury or to the court. This case was resolved through a motion to dismiss. See generally, Patin v. Allied Signal, Inc., 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

At the outset, this Court notes that the motion asks this Court to reconsider rendered final judgment. The Fifth Circuit has held that a motion for reconsideration of such a judgment, *provided* it challenges the judgment on its merits, is to be treated as either "a motion to 'alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." Lavespere v. Niagra Machine & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990).  If the motion for reconsideration is served "within ten days of the rendition of judgment," it must be considered under Rule 59(e).  Id.  If it is served after ten days time, it must be considered under the stricter standards of Rule 60(b).  Id.  Because Plaintiffs filed their Motion for Reconsideration on July 31, 2006, within the ten-day deadline, Rule 59(e) applies. See F.R.C.P. 6(a).

Although the burden for obtaining Rule 59(e) relief is not as stringent as under Rule 60(b), the plaintiff must still demonstrate valid reasons to justify a court's reconsideration of a prior ruling. Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. <u>Southern Constructors Group, Inc. v. Dynalectric Co.</u>, 2 F.3d 606, 611 (5th Cir. 1993)(noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment); <u>see</u> <u>also</u> 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 124 (1995). Accordingly, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." <u>Id.</u>; <u>see also</u> <u>Baustian v. Louisiana</u>, 929 F. Supp. 980, 981 (E.D. La. 1996). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." <u>Hale v. Townley</u>, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." <u>Id.</u> With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." <u>Southern Constructors Group, Inc. v. Dynalectric Co.</u>, 2 F.3d 606, 611 (5th Cir.1993). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." <u>In re Self</u>, 172 F. Supp. 2d 813, 816 (W.D.La.

Oct. 10, 2001); Wright & Miller, § 2810.1 at 127-28; and Clay v. Daichi Shipping, 2000 WL 6269, at *1 (E.D.La. Jan. 5, 2000). Further, recycled arguments previously rejected by the court serve only to waste judicial resources. See Self, 172 F. Supp. 2d at 816; and Louisiana v. Sprint Communications, Co., 899 F. Supp. 282, 284 (M.D.La. 1995).

The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred.  See 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, at 125-27 (1995) ("Wright & Miller"). The Court must balance between two competing interests: the desire to achieve and maintain a final judgment and the desire to reach a just decision based upon the evidence.

The arguments presented do not satisfy Fifth Circuit criteria to grant Rule 59(e) relief.  The Plaintiff has failed to show that the Court must correct a manifest error of law or fact, that he has newly discovered or previously unavailable evidence, that the Court must prevent a manifest injustice, or that an intervening change in controlling law has occurred since the time of the ruling. Moreover, Plaintiff's initial opposition and statement of contested facts devoted only one-half page to defending the Defendant's alleged immunity under La. R.S. 29:735.

Plaintiff failed to mention <u>any</u> points of law or fact relevant to whether Stephen Clark was a "representative" of the Louisiana Wildlife and Fisheries agency; or whether Brian Clark, of the Louisiana Wildlife and Fisheries agency, was authorized to seek assistance from the United States in the emergency response operation. Moreover, even if these contentions would require the Court to reconsider its prior order, the instant motion again fails to present any evidence raising a material issue of fact. Instead, Plaintiff makes generalized, unsubstantiated, conclusory statements. Accordingly,

**IT IS ORDERED** that the motion is hereby **DENIED.**

New Orleans, Louisiana, this <u>30th</u> day of August, 2006.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE